IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

ROBERT WOODROFFE,

                   Plaintiff,

    v.

STATE OF OREGON, *et al.*,

                   Defendants.

Case No.: 2:12-cv-00124-SI

OPINION AND ORDER

Robert Woodroffe, Snake River Correctional Institution, 777 Stanton Blvd., Ontario, OR 97914-8335. Plaintiff *pro se*.

Shannon M. Vincent, Oregon Department of Justice, Trial Division, CLS, 1162 Court Street, N.E., Salem, OR 97301-0346. Attorney for Defendants Theodore Kulongoski, Max Williams, Michael Gower, Brian Belleque, Michelle Dodson, Polly Stuart, Zach Erdman, John R. Kroger, Mary H. Williams, David E. Leith, Kristina Manley, Walter M. Beglau, Brandon Kelly, Gerald Long, Dennis Long, Lee Jones, Leslie Dickey, Sharon Duren, Eugene Reding, Patrick Mullen, Robert Andamson, Michael Hannon, Daniel Weber, Jana Russell, Helene Lichtman, Charles Gepford, Christy Henning, Brian Walker, Mark Nooth, Robert Real, Al Hannon, James Eastwood, Jeff Premo, Denise Parker, Frank Serrano, Stan Czerniak, Steve Shelton, Garth Gulick, Jodean Elliot-Blakeslee, Hirley Hodge, Patricia Carnig, Patricia Flores, Randy Geer, Judy Gilmore, Bill Doman, Steve Spang, Maureen Rossi-Hill, Janell Rochester, Candace Wheeler, and Aaron Felton.

Gerald L. Warren, Law Office of Gerald Warren, 901 Capitol Street N.E, Salem, OR 97301. Attorney for Defendant Coleen Clemente.

SIMON, District Judge.

       Plaintiff Robert Woodroffe, an inmate incarcerated in the State of Oregon's prison system, brings this action against some 60 defendants. Plaintiff's complaint raises several allegations, including, but not limited to: (1) that he was sexually assaulted by another inmate;

(2) that he has not received adequate medical care for knee and coccyx pain;[1] (3) that he was not provided with adequate medical care after "losing a lot of blood"; (4) that he was wrongly accused of misconduct; (5) that he has been denied access to materials in the prison law library; (6) that parole board members unconstitutionally changed the date of a parole review hearing; and (7) that he has been denied certain treatment. Based on these allegations, Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights and for violations of Title II the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165, and § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. Plaintiff also asserts state law claims for negligence, medical malpractice, and assault and battery.

On March 14, 2012, the Court entered an order dismissing Defendants the State of Oregon, the Oregon Department of Corrections ("ODOC"), the Oregon State Penitentiary PREA Committee, the Snake River Correctional Institution TLC Committee, Saint Alphonsas Medical Center, the Oregon Board of Parole ("OBOP"), and Steven L. Brown. Dkt. 15. Defendant Coleen Clemente filed an Answer on June 14, 2012, Dkt. 37, and a motion for summary judgment the same day. Dkt. 38. The remaining Defendants ("Defendants") filed an Answer on August 21, 2012. Dkt. 57. Before the Court is Defendants' motion for partial judgment on the pleadings, pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). Dkt. 78. For the reasons discussed below, the Court grants in part and denies in part Defendants' motion.

## STANDARDS

A Rule 12(c) "motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Dismissal for failure to state a claim under Rule 12(b)(6) "is proper if there is a 'lack of a

---

[1] On November 27, 2012, the Court entered an order dismissing Plaintiff's state law medical claims involving his coccyx and knees. Dkt. 92.

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988)). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.,* 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)); *see also Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (*Iqbal* standard applies to review of Rule 12(c) motions).

A court must liberally construe *pro se* complaints and motions from prisoners. *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2000). "A *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir.2000)). The "usual practice to allow leave to replead upon granting a motion to dismiss extends to motions for judgment on the pleadings." *Trzaska v. Int'l Game Tech.*, 2:10-CV-2268 JCM GWF, 2011 WL 2516931, at *6 (D. Nev. June 23, 2011).

## DISCUSSION

Defendants divide their partial motion for judgment on the pleadings into seven individual motions. Dkt. 78-79. The Court considers each in turn.

### A.    Motion One

In their first motion, Defendants argue that the Court should dismiss all claims against Defendants Kulongoski, Kroger, Williams, Hannon, Elliott-Blakeslee, Hodge, Flores, Gilmore, Gower, Nooth, Rochester, and Mullen in their individual capacities because the complaint fails to allege that they personally deprived Plaintiff of his federally protected rights.[2] Defs.' Mem. at 4. To state a claim under § 1983, "a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty.*

---

[2]   In a declaration attached to his sur-response, Plaintiff appears voluntarily to dismiss his claims against Defendants Elliott-Blakeslee, Gilmore, Rochester, and Mullen. Dkt. 102. Because Plaintiff does not specify with precision which claims he is conceding, the Court considers all claims against Defendants Elliott-Blakeslee, Gilmore, Rochester, and Mullen despite Plaintiff's concession.

*of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Under § 1983, a defendant violates the rights of a plaintiff if the defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (*en banc*) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

In addition, in a § 1983 action "the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (citation omitted). Proximate cause "refers to the basic requirement that before recovery is allowed in tort, there must be 'some direct relation between the injury asserted and the injurious conduct alleged[.]' It excludes from the scope of liability injuries that are 'too remote,' 'purely contingent,' or 'indirect[].'" *CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630, 2645 (2011) (quoting *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)) (alterations in original). Even where a plaintiff is proceeding *pro se*, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's only allegations against Defendants Kulongoski, Kroger, Williams, Gower, Nooth, Hodge, Gilmore, Hannon, Elliott-Blakeslee, and Mullen are that they were aware of various conditions and failed to act to correct those conditions. Compl. at p. 7, ¶¶ 71-72 (Kulongoski); p. 8, ¶¶ 75-82 (Williams, Gower); p. 9 ¶ 94 (Kroger); p. 13, ¶¶ 137-141 (Mullen); pp. 15-16, ¶¶ 160-69 (Nooth); p. 17, ¶¶ 179-82 (Hannon); p. 19, ¶ 203 (Elliott-Blakesee); pp. 23-25, ¶¶ 220-231 (Elliott-Blakesee, Hodge); p. 26, ¶ 245 (Gilmore); pp. 34-37, ¶¶ 293-305

(Kulongoski, Williams, Gower, Nooth); pp. 42-43, ¶¶ 331-34 (Elliott-Blakesee, Hodge);

pp. 46-50, ¶¶ 244-248, 251-54, 257 (Kulongoski, Williams, Gower, Hannon); p. 52, ¶¶ 267-68

(Gower); p. 53, ¶ 273 (Mullen); p. 55, ¶ 282 (Kroger); pp. 68-69, ¶¶ 367-369 (Elliott-Blakesee,

Hodge). For each of these Defendants, Plaintiff fails to allege that the Defendant's failure to act

bears some *direct* relation to the injury asserted. Plaintiff must do more than simply allege that

the Defendant was "aware of" Plaintiff's condition, or that the Defendant had an "obligation" to

act, or that the Defendant "allowed" another person to violate Plaintiff's rights. To properly state

a claim, Plaintiff must allege that each Defendant failed to act and that failure *caused* a

deprivation of Plaintiff's rights. In particular, for Plaintiff's claims based on the Eighth

Amendment, Plaintiff must allege that Defendants' failure to act deprived Plaintiff "of the

'minimal civilized measure of life's necessities.'" *Hallett v. Morgan*, 296 F.3d 732, 744 (9th

Cir.2002) (quoting *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998)). Plaintiff's claims

against Defendants Kulongoski, Kroger, Williams, Gower, Nooth, Hodge, Gilmore, Hannon,

Elliott-Blakeslee, and Mullen are, therefore, dismissed. Plaintiff may replead if Plaintiff can

allege that a Defendant actually caused a deprivation of Plaintiff's federal constitutional rights.[3]

  Plaintiff's allegations against Defendant Flores are more specific. Plaintiff alleges that

Defendant Flores was called to Plaintiff's cell after he was found with a broken nose. Compl. at

p. 44, ¶ 238. He alleges that his "condition was critical and [his] life was in danger." *Id.* at

p. 25, ¶ 235. Plaintiff further alleges that Defendant Flores "should [have] known that large

amounts of blood loss is dangerous, and plaintiff should [have] been in [the] hospital[.]" *Id.* at

pp. 44-45, ¶ 239. According to Plaintiff, Defendant Flores "failed to respond" to Plaintiff's

"serious medical needs." *Id.* The "Eighth Amendment is violated when prison officials

---

  [3] As discussed below, the Court is dismissing Plaintiff's federal statutory claims under
the ADA and the RA, without leave to replead. Only constitutional claims remain.

demonstrate 'deliberate indifference to serious medical needs.'" *Hallett*, 296 F.3d at 744

(quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff's allegations against Defendant

Flores are sufficient to state a claim under the Eighth Amendment. Plaintiff does not make any

allegations against Defendant Rochester. Rather, he states that "I'm dele[]ting my claim on

Ms. Rochester[.]" Compl. at p. 28, ¶ 260. Thus, any claims against Rochester are dismissed.

**B.    Motion Two**

In their second motion, Defendants argue that the Court should dismiss Plaintiff's claim

of prosecutorial misconduct against Defendant Beglau. Defs.' Mem. at 6-7. Defendant Beglau is

the District Attorney for Marion County, Oregon. Answer at ¶ 12. Plaintiff alleges that Mr.

Beglau "denied [P]laintiff due process when he failed to file charges against" another inmate

who allegedly assaulted Plaintiff. Compl. at ¶ 275. Plaintiff's claim is barred by the doctrine of

absolute immunity: a "prosecutor is entitled to absolute immunity for the decision not to

prosecute." *Roe v. City & Cnty. of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997). The Court

finds that no amendment could cure the deficiencies in this claim and it is, therefore, dismissed

without leave to replead. (Plaintiff also appears to concede this claim. *See* Dkt. 102.)

**C.    Motion Three**

Defendants argue that the Court must dismiss Plaintiff's "failure to protect" claim

because the statute of limitations has run. Defs.' Mem. at 7-8. Plaintiff agrees to dismiss this

claim. Pl.'s Resp. at 1.

**D.    Motion Four**

In their fourth motion, Defendants argue: (1) there is no private right of action for

violation of Or. Rev. Stat.§ 421.155; (2) Defendants Wheeler and Felton did not violate

Plaintiff's due process rights when they changed the date of his parole review hearing; and (3)

there is no individual capacity liability under the ADA or the RA. Defs.' Mem. at 8-11.

### 1.    Private right of action under Or. Rev. Stat. § 421.155

Or. Rev. Stat. § 421.155 provides:

> Any person sentenced under ORS 161.725 and 161.735, shall be given
> such physical, mental and psychiatric observation and treatment as is
> available and may tend to rehabilitate such person and make possible the
> earliest possible release from the Department of Corrections institution in
> which such person is confined, with the least possible danger to the health
> and safety of others.

Plaintiff alleges that Defendants failed to provide him the treatment required under Or. Rev. Stat.

§ 421.155. Compl. at p. 31, ¶ 276; p. 33, ¶ 287; p. 46, ¶¶ 242, 245-46. It is unclear whether

Plaintiff intends to bring a claim for violations of Or. Rev. Stat. § 421.155. To the extent that he

does, Defendants argue that it must dismissed because Or. Rev. Stat. § 421.155 does not create a

private right of action. Defs.' Mem. at 8-9. In general, under Oregon law, "an individual has no

private remedy for a statutory violation unless the statute expressly provides one." *Praegitzer*

*Indus., Inc. v. Rollins Burdick Hunter of Oregon, Inc.*, 880 P.2d 479, 481 (Or. App. 1994). If a

statute does not expressly provide a remedy, however, a statute still may permit liability where

the plaintiff can show that the "statute grants him, as a member of the class the statute is

designed to protect, the right to recover damages if noncompliance with the statute results in

harm of the kind the statute was designed to prevent." *Dunlap v. Dickson*, 765 P.2d 203, 205 (Or.

1988). Or. Rev. Stat. § 421.155 does not expressly provide a remedy. In addition, Plaintiff has

made no showing that Or. Rev. Stat. § 421.155 was designed to prevent any particular harm or

that, if it was, he is a member of the class the law is intended to protect. Thus, to the extent

Plaintiff asserts a claim based on violations of Or. Rev. Stat. § 421.155, that claim is dismissed

without leave to replead.

### 2.       Due process rights to parole hearing

Plaintiff argues that Defendants Wheeler and Felton violated Plaintiff's constitutional rights when they changed the date of his parole review hearing. Compl. at pp. 59-60, ¶¶ 305-308. Defendants argue that the Court must dismiss this claim for two reasons. Defs.' Mem. at 9-10. First, Defendants argue that because Defendants Wheeler and Felton are parole board members, they are entitled to absolute immunity. Second, they argue that a prisoner may not challenge the duration of his imprisonment in a § 1983 action. The Court agrees with both reasons. Parole board members are absolutely immune from suit under § 1983 for actions taken when considering parole applications. *Anderson v. Boyd*, 714 F.2d 906, 908-09 (9th Cir. 1983) ("Because parole officials perform an essentially judicial function when considering parole applications, they are entitled to the absolute protection of quasi-judicial immunity when engaged in this activity."). In addition, a prisoner may not challenge the "fact or duration" of his confinement in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). No amendment could cure these deficiencies. Thus, Plaintiff's claims against Defendants Wheeler and Felton are dismissed without leave to replead.

### 3.       Individual capacity liability under the ADA and the RA

Plaintiff alleges that Defendants Kulongoski, Williams, Gower, and Shelton violated Defendants rights under Title II of the ADA and § 504 of the RA by denying him medical treatment.[4] Compl. at pp. 45-48, ¶¶ 242-50. Defendants move to dismiss Plaintiff's claims

---

[4]  As noted above, the Court is dismissing all claims against Kulongoski, Williams, and Gower for failure to state a claim, with leave to replead. The Court considers the ADA and RA claims against Defendants Kulongoski, Williams, and Gower separately here because the basis for dismissing the ADA and RA claims is for lack of legal sufficiency rather than failure to plead sufficient facts. For the reasons stated here, Plaintiff may not replead the ADA and RA claims against Defendants Kulongoski, Williams, and Gower. In addition, Plaintiff also brings his ADA

against Defendants Kulongoski, Williams, Gower, and Shelton in their individual capacities, arguing that there is no right of action under § 1983 for violations of Title II of the ADA and § 504 of the RA. The Court agrees. A "plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Plaintiff's claims based on the ADA and the RA against Defendants Kulongoski, Williams, Gower, and Shelton in their individual capacities are dismissed. Because no amendment could cure the deficiency, Plaintiff is not permitted to replead.

## E.     Motion Five

In their fifth motion, Defendants argue that the Court should dismiss Plaintiff's "access to courts claim" because Plaintiff has failed to allege that Defendants hindered his efforts to pursue a legal claim. Defs.' Mem. at 11. Plaintiff alleges that Defendant Rossi-Hill, an Oregon Department of Corrections law library coordinator, denied Plaintiff the ability to "make copies" and "do mailing in a timely mann[e]r." Compl. at ¶ 291; Answer at ¶ 42. Plaintiff also alleges that Defendant Rossi-Hill "hindered [his] access to legal supplies [and] cases[.]" *Id.* at ¶ 258. In addition, Plaintiff alleges that Defendant Doman, the Manager of Corrections Rehabilitation Services, denied Plaintiff "cases and supplies." Compl. at p. 27, ¶ 253; Answer at ¶ 40. Prisoners have a constitutional right to access adequate law libraries. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To make out a claim for violation of that right, however, a prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Plaintiff has failed to allege that Defendants hindered his efforts to pursue a legal claim. Plaintiff's access to the courts claim is,

---

and RA claim against the State of Oregon, the ODOC, and OBOP. As noted above, the Court dismissed claims against those Defendants on March 14, 2012. Dkt. 15.

therefore, dismissed. Plaintiff may replead this claim if he can sufficiently and plausibly allege that Defendants have hindered his efforts to pursue a legal claim.

## F.    Motion Six

In their sixth motion, Defendants argue that the Court should dismiss Plaintiff's claims for violations of the Oregon Constitution because the Oregon Constitution does not provide a cause of action for damages. Compl. at pp. 74-76, ¶¶ 408-21; Defs.' Mem. at 12-13. There is no private right of action for damages for violations of the Oregon Constitution. *Barcik v. Kubiaczyk*, 895 P.2d 765, 775 (Or. 1995); *Hunter v. City of Eugene*, 787 P.2d 881, 884 (Or. 1990). Plaintiff's claims for damages for violations of the Oregon Constitution are dismissed without leave to replead.

## G.    Motion Seven

Plaintiff asserts a claim against Defendants Dr. Shelton, Dr. Gulick, Dr. Elliot-Blakeslee, Hodge, Carnig, and Flores for medical malpractice. Compl. at ¶¶ 352-74. Each Defendant named in this claim is an employee of the Oregon Department of Corrections. Answer at ¶¶ 33-37. In their last motion, Defendants argue that the Court must dismiss this claim because it is barred by the Eleventh Amendment. Defs.' Mem. at 13-14. (In addition, Plaintiff states that he "plan[s] . . . to concede all medical malpractice and negligence claims[.]" Dkt. 101.)

The Oregon Tort Claims Act eliminates state law tort claims against state officers, employees, and agents for their work-related torts. "In place of a claim against an individual, the legislature substituted a single claim against the public body[.]" *Jensen v. Whitlow*, 51 P.3d 599, 601 (Or. 2002); Or. Rev. Stat. § 30.265(3) ("the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or

duties . . . is an action against the public body."[5]). Thus, the Court must substitute the Oregon Department of Corrections for Defendants Shelton, Gulick, Elliot-Blakeslee, Hodge, Carnig, and Flores.[6] *See Ctr. for Legal Studies, Inc. v. Lindley*, 64 F. Supp. 2d 970, 974 (D. Or. 1999), *aff'd*, 1 F. App'x 662 (9th Cir. 2001) (substituting public body for individual defendants).

Absent an express waiver, however, the Eleventh Amendment "bars suits in federal court against a state and its agencies brought by its own citizens and citizens of other states." *In re Jackson*, 184 F.3d 1046, 1049 (9th Cir. 1999). The Oregon Tort Claims Act does not waive Oregon's Eleventh Amendment immunity to suit in federal court. Or. Rev. Stat. §§ 30.265-30.300; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n.9 (1984) ("[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts."); *Webber v. First Student, Inc.*, No. 1:11-CV-3032-CL, 2013 WL 773732 (D. Or. Feb. 26, 2013) (Oregon Tort Claims Act "does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court"); *Estate of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004) (same). Plaintiff's state law medical malpractice claim is, therefore, dismissed without leave to replead.

## CONCLUSION

Defendants' motion for partial judgment on the pleadings, Dkt. 78, is **GRANTED IN PART AND DENIED IN PART**. (1) Plaintiff's claim against Defendant Flores survives; (2) Plaintiff's claims against Defendants Kulongoski, Kroger, Williams, Gower, Nooth, Hodge, Gilmore, Hannon, Elliott-Blakeslee, Mullen, and Rochester in their individual capacities are

---

[5] Or. Rev. Stat. § 30.265(3) applies to actions alleging damages in amounts equal to or less than the damages allowed under Or. Rev. Stat. §§ 30.271, 30.272 and 30.273. Plaintiff's alleged damages are less than those amounts. Compl. at 87-91.

[6] Plaintiff does not allege that Defendants were acting outside the scope of their employment duties.

**DISMISSED** with leave to replead; (3) Plaintiff's claim for prosecutorial misconduct against Defendant Beglau is **DISMISSED** without leave to replead; (4) Plaintiff's "failure to protect" claim is **DISMISSED** without leave to replead; (5) To the extent that Plaintiff asserts a claim for violation of Or. Rev. Stat. § 411.155, that claim is **DISMISSED** without leave to replead; (6) Plaintiff's claims against Defendants Felton and Wheeler for denial of due process for changing the parole review hearing date are **DISMISSED** without leave to replead; (7) Plaintiff's claims against Defendants Kulongoski, Williams, Gower, and Shelton in their individual capacities for violations of the ADA and the RA are **DISMISSED** without leave to replead; (8) Plaintiff's "access to the courts" claim, based on his allegations that Defendants Rossi-Hill and Doman interfered with his access to the law library, is **DISMISSED** with leave to replead; if Plaintiff attempts to replead, however, he must plead sufficient facts plausibly to suggest not only that Defendants interfered with his access to the law library but also that such interference hindered his efforts to pursue a legal claim; (9) Plaintiff's claims for damages under the Oregon Constitution are **DISMISSED** without leave to replead; and (10) Plaintiff's medical malpractice claim against Defendants Dr. Shelton, Dr. Gulick, Dr. Elliot-Blakeslee, Hodge, Carnig, and Flores is **DISMISSED** without leave to replead.

   IT IS SO ORDERED.

   Dated this 29th day of April, 2013.

            /s/ Michael H. Simon
            Michael H. Simon
            United States District Judge