# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT WOODROFFE**, | Case No. 2:12-cv-00124-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **STATE OF OREGON**, *et al.*, | |
| Defendants. | |

Robert Woodroffe, Two Rivers Correctional Institution, 82911 Beach Access Road, Umatilla, OR 97882-9419. Plaintiff *pro se*.

Shannon M. Vincent, Oregon Department of Justice, Trial Division, CLS, 1162 Court Street, N.E., Salem, OR 97301-0346. Of Attorneys for Defendants Brian Belleque, Michelle Dodson, Polly Stuart, Zach Erdman, Mary H. Williams, David E. Leith, Kristina Manley, Eugene Reding, Jana Russell, Helene Lichtman, Christy Henning, Brian Walker, Robert Real, Al Hannon, James Eastwood, Jeff Premo, Denise Parker, Frank Serrano, Stan Czerniak, Patricia Carning, R. N., Patricia Flores, R.N, Randy Geer, Bill Doman, Steve Spang, Dr. Steve Shelton, and Dr. Garth Gulick.

Gerald L. Warren, Law Office of Gerald Warren, 901 Capitol Street N.E, Salem, OR 97301. Attorney for Defendant Coleen Clemente.

**Michael H. Simon, District Judge.**

Plaintiff Robert Woodroffe, an inmate incarcerated in the State of Oregon's prison system, filed this action against approximately 60 defendants, alleging numerous claims under

state and federal law. The Court previously dismissed several claims and numerous defendants. *See* ECF 15, 27, 107. The remaining claims are Plaintiff's claims under 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights based on Plaintiff's allegations that: (1) Defendants provided constitutionally-deficient medical care for Plaintiff's knee and coccyx pain, blood loss, and mental health needs, asserted against Defendants Dr. Steve Shelton, Dr. Garth Gulick, Patricia Carnig, R.N., Patricia Flores, R.N., Helene Lichtman, Jana Russell, Christy Henning, and Brian Walker; (2) Plaintiff was wrongly accused of misconduct and otherwise mistreated and harassed in retaliation for exercising his constitutional rights, asserted against Defendants Shelton, Gulick, Al Hannon, Robert Real, James Eastwood, Steve Spang, Bill Doman, and Eugene Reding; (3) Defendants violated Plaintiff's due process rights by failing to properly respond to his records requests and failing to provide Plaintiff with appropriate process relating to his misconduct charge, asserted against Defendants Stan Czerniak, Frank Serrano, Coleen Clemente, Denise Parker, Whitney Dodson, Polly Stuart, Kristina Manley, Brian Belleque, Mary H. Williams, Jeff Premo, David E. Leith, and Zach Erdman; and (4) Defendants' mail policy banning photographs of nude and semi-nude "celebrities" violates Plaintiff's rights, asserted against Defendants Randy Geer, Doman, and Spang.

Currently before the Court are three motions by Plaintiff: (1) a motion to compel production of documents (ECF 134); (2) a motion for the appointment of a medical expert (ECF 152); and (3) a motion for an order requiring Two Rivers Correctional Institute ("TRCI") to photocopy approximately 500-750 exhibits for Plaintiff's anticipated motion for summary judgment (ECF 154). For the following reasons, Plaintiff's motions are DENIED.

## DISCUSSION

### A. Plaintiff's Motion to Compel

Plaintiff moves to compel the production of documents responsive to his requests for production. ECF 134. Plaintiff did not articulate the specific requests to which he believes Defendants failed properly to respond. Defendants argue that Plaintiff's motion should be denied because he failed to comply with the District of Oregon Local Rule 37-1(a), which requires the movant in a motion to compel to set out the pertinent document request, response, and legal argument as to why the response was deficient. This Court has extended the deadlines in this case several times, and the latest extension was requested based on the fact that Plaintiff's motion to compel was pending. The Court wishes to keep this case moving forward and will, therefore, consider this motion on the merits. The Court reminds Plaintiff, however, that even though he is proceeding *pro se* he must still comply with the rules of procedure, including the Local Rules. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Defendants also argue that Plaintiff's motion should be denied because they have adequately responded to the non-objectionable requests by Plaintiff and lodge appropriate objections to the remaining requests. The disputed requests are addressed, in turn, below.

### 1. Request No. 1

Plaintiff requests "any and all electronically stored information" on the AS400 computer system relating to Plaintiff's medical or mental health and any misconduct. Defendants argue that the request is overbroad and unduly burdensome and that they have produced Plaintiff's entire medical file and the disciplinary hearing file for the two disciplinary hearings at issue in this case. Defendants assert that the AS400 computer system used by the ODOC is a complicated, password protected menu system that limits staff access and pulls data from

multiple sources, and that there is no way to retrieve all inmate data without designating staff to access and review all screens, which would likely take one to two months.

As relevant to this document request, Plaintiff alleges deliberate indifference to medical needs and that he was wrongfully charged with misconduct and his due process rights were violated with respect to that misconduct charge. The electronically stored information relevant to these claims would be Plaintiff's medical file and the disciplinary file relating to the allegedly wrongful misconduct charge. Defendants represent that they have produced these records to Plaintiff. To the extent there may be some other document that mentions Plaintiff and is relevant to his claims in one of the databases in the AS400 system, the Court finds that the burden of searching for such a document outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). The motion to compel further documents in response to this request is denied.

### 2. Request Nos. 7 and 8

Plaintiff requests all records and emails between certain medical staff relating to Plaintiff's medical and mental health care. Defendants object that these requests are overbroad, unduly burdensome, and not limited in time.

Plaintiff bases his Eighth Amendment claims on his medical treatment relating to his broken nose, knee and coccyx pain, and mental health treatment after his sexual assault. Defendants represent that they have produced Plaintiff's medical file, but admit that they have not searched for relevant email that may exist outside of Plaintiff's medical file.

Emails relating to Plaintiff's medical condition and treatment may lead to the discovery of admissible evidence. Accordingly, the Court grants, in part, Plaintiff's motion to compel relevant email relating to the alleged medical conditions and treatments on which Plaintiff bases his Eighth Amendment claims, as follows: Defendants are ordered to search the email accounts of Ted Chase, Dr. Ruthven, Dr. Shelton, Dr. Gulick, Dr. Elliott-Blakeslee, and Linda Gruenwald

PAGE 4 – OPINION AND ORDER

for emails relating to Plaintiff's diagnosis and treatment of his knee pain, broken nose, coccyx pain, and mental health treatment after his sexual assault on February 15, 2009. Although the statute of limitations for Plaintiff's Section 1983 claims is two years,[1] email before the limitations date may be relevant to the alleged deliberate indifference of the medical personnel treating Plaintiff for any alleged constitutionally-deficient care that occurred during the limitations period. The Court has considered the claims in this case and orders that the email accounts be searched as ordered above for relevant email from January 1, 2009 through the present.

### 3.  Request No. 10

Plaintiff requests all documents, electronic or hard copy (including email), relating to his medical treatment, sick call requests, medications, x-rays, and bone scan reports. Defendants object that this request is overbroad, unduly burdensome, and not limited in time. Defendants also argue that they have already produced Plaintiff's medical file.

This request is duplicative of Plaintiff's previous requests. Defendants represent that they have produced Plaintiff's entire medical and mental health file. Email between the medical personnel treating Plaintiff relating to the medical issues giving rise to Plaintiff's claims in this case, however, may lead to the discovery of admissible evidence and is ordered produced as set forth above in the Court's order relating to Request Nos. 7 and 8.

### 4.  Request No. 13

Plaintiff requests "Photos or video stills of Plaintiff's personal property taken by or per Capt. Robert Real while at SRCI[2]." Defendants object that this request is overbroad, unduly

---

[1] The Court makes no assessment as to whether Plaintiff's claims are timely.

[2] Snake River Correctional Institute.

burdensome, vague, is not reasonably calculated to lead to the discovery of admissible evidence, is not limited in time, and seeks information that may be confidential for institutional security. Plaintiff argues that the photographs will show that Plaintiff was wrongfully disciplined for having the personal property.

Plaintiff's request is vague and Plaintiff has failed to articulate what photographs he seeks and how those photographs are reasonably calculated to lead to the discovery of admissible evidence. To the extent Plaintiff is seeking photographs of the nude or semi-nude photographs that are prohibited pursuant to prison policy, providing such photographs to Plaintiff would present a potential security concern and would violate prison policy. At this stage in the litigation, the Court does not find that producing such photographs to Plaintiff is warranted. To the extent Defendants have photographs of nude or semi-nude photographs that were sent to Plaintiff and deemed contraband by Defendants, the Court shall order that those photographs be produced *in camera* to the Court when and if the Court considers it necessary.

### 5.  Request No. 14

Plaintiff seeks "All notes, memos, statements made by Mark Nooth, Michael Gower, Al Hannon, Robert Real, Capt. Eastwood, Steve Shelton, Daryl Ruthven, on their computers or in a personal file held on plaintiff." Defendants object that this request is overbroad, unduly burdensome, vague, does not identify documents with reasonable particularity, and it not limited in time or scope. Defendants also note the difficulty in obtaining all documents relating to Plaintiff in the AS400 system and the fact that Defendants represent that they have already produced Plaintiff's medical file and relevant disciplinary file. Plaintiff responds that he is requesting only information on the relevant misconduct charge and his medical issues.

PAGE 6 – OPINION AND ORDER

The Court agrees that this request is overbroad, vague, unduly burdensome, and does not identify the documents sought with reasonable particularity. Plaintiff's motion with respect to this request is denied.

### 6. Request No. 16

Plaintiff requests the x-ray of his coccyx. Defendants represent that they have already produced Plaintiff's medical file. To the extent there are any additional x-rays of Plaintiff's coccyx in Defendants possession, custody, or control, they are to produce those x-rays to Plaintiff.

### 7. Request No. 18

Plaintiff requests "All mail violations, photocopies of mail violations, photocopies of mail violations used to deny, any appeal reports done of photos . . . from 2009 to current done at OSP[3], TRCI, and SRCI, and all formal policies, procedures or rules involving photos . . . within DOC and authority." Defendants object that this request is overbroad, unduly burdensome, vague, not limited in scope and spans "all mail violations" at three institutions, and seeks information that may be confidential for institutional security. Defendants also object to producing copies of rules and regulations that are equally accessible to Plaintiff.

To the extent Plaintiff is seeking information related to any mail violation other than violations related to his claim that the policy against nude and semi-nude photographs violated his constitutional rights, that information is irrelevant. To the extent Plaintiff is seeking information relating to mail violations of other inmates, that information is irrelevant. To the extent Plaintiff is seeking photographs of the nude or semi-nude photographs that were sent to

---

[3] Oregon State Penitentiary.

him and seized as contraband, as noted above, the Court has concerns with providing Plaintiff
with copies of prohibited nude and semi-nude photographs at this stage in the litigation.

With respect the rules and policies on nude or semi-nude photographs, Plaintiff's motion
to compel is granted. Defendants are ordered to produce to Plaintiff copies, if any exist, of
Defendants written rules and policies relating to nude or semi-nude photographs.

### 8.  Request No. 21

Plaintiff requests medical policies involving emergency care and treatment and general
care and procedures for care. Defendants object that this request is vague, not limited in time or
scope, not reasonably calculated to lead to the discovery of admissible evidence, and that the
rules are equally accessible to Plaintiff.

Plaintiff has not alleged a policy or procedure or longstanding custom of constitutionally-
deficient medical care, but has filed suit alleging that his particular medical treatment has been
constitutionally deficient. Accordingly, the requested documents are not relevant. Plaintiff's
motion is denied with respect to this request.

### 9.  Request No. 23

Plaintiff concedes that he has received information responsive to Request No. 23, except
that one file on medication abuse in 2011 proved to be "art pastels." Based on Plaintiff's motion
to compel, it does not appear that he is seeking additional information, but wishes to clarify that
information in his file was erroneous. A motion to compel is not the proper avenue for such a
request. Plaintiff's motion is denied with respect to this request.

### 10. Request No. 24

Plaintiff requests all documents relating to himself from the AS400 computer system for
the past five years. This request is duplicative of Request No. 1 and for the reasons articulated in
addressing Plaintiff's Request No. 1, Plaintiff's motion is denied with respect to this Request.

**B.  Plaintiff's Motion for Appointment of a Medical Expert**

Plaintiff's motion for a medical expert is styled as one under Federal Rule of Evidence 706(a), a request for the appointment of a neutral expert to assist the Court, but in substance appears to be a request for an expert to opine on behalf of Plaintiff. Under Federal Rule of Evidence 706, a district court may "on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." Fed. R. Evid. 706(a). This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999); *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1177 (E.D. Cal. 2011); *Sanders v. Lewis Cnty Jail*, 2007 WL 1430273, at *1 (W.D. Wash. May 14, 2007). A court may not, however, appoint an expert on behalf of an indigent civil party. *See Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989); *Womack v. Bakewell*, 2013 WL 3148467, at *11 (E.D. Cal. June 10, 2013); *Gorton*, 793 F. Supp. 2d at 1177 n.6.

Plaintiff argues that appointment of an expert witness is necessary because such an expert would ask the Court to order the doctors treating Plaintiff to follow a particular course of treatment. Plf Decl. ECF 153 at 1. Plaintiff wants to be prescribed Neurontin and Tramadol or Vicodin. Plf Br. ECF 152 at 1-2. Plaintiff also argues that the Court needs to appoint an expert so that the Court has "more than just Defendants [sic] side." *Id.* at 1.

At this point in the proceedings, however, the Court finds that Plaintiff has not shown that appointment of a medical expert is warranted. There is no evidence that the issues in this case are so complex as to require the testimony of an expert to assist the trier of fact. To the contrary, based on the current record, Plaintiff's complaints of pain and blood loss do not appear to be "beyond a lay person's grasp" and a factfinder could likely comprehend whether Plaintiff's medical needs were "serious" without the aid of a court-appointed expert. *Ledford v. Sullivan*,

105 F.3d 354, 359-60 (7th Cir. 1997). Additionally, Plaintiff focuses on the argument that an expert would opine that the specific medication desired by Plaintiff is a proper course of treatment. A "difference of medical opinion as to the need to pursue one course of treatment of another," however, is "insufficient, as a matter of law, to establish deliberate indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

Plaintiff's motion for appointment of a medical expert is denied without prejudice to Plaintiff's renewing such motion when or after summary judgment motions are briefed. In order to renew this motion, however, Plaintiff must show how the issues in the case are so complex as to require an expert and must offer more than the fact that an expert might recommend a different course of treatment. *See, e.g.*, *Kulas v. Roberson*, 202 F.3d 278, 1999 WL 1054663, at *1 n.5 (9th Cir. Nov. 19, 1999) (unpublished) (denial of appointment of medical expert did not prejudice plaintiff because even if the expert had established a different course of treatment, that would not amount to deliberate indifference to medical needs).

## C.  Plaintiff's Motion for an Order Requiring Photocopying Services

Plaintiff moves for an order requiring TRCI to photocopy between 500 and 750 exhibits that Plaintiff anticipates filing with his summary judgment motion. Plf's Decl. ECF 155 at 2. Under Oregon law, photocopying services are available to inmates for duplication of legal documents at the inmate's expense. OAR 291-139-0040(2)(a). Inmates without sufficient funds to cover the cost of duplication will be provided supplies necessary to hand duplicate or type the material. OAR 291-139-0040(5)(c). The library coordinator "may authorize the photocopying of exhibits or other legal documents for an indigent inmate if the inmate demonstrates the duplication cannot be accomplished by use of carbon paper and is required by the court or procedural rules." *Id.*

Here, Plaintiff offers no information regarding the 500 to 750 exhibits he intends to submit, why they are necessary for his anticipated motion, whether they can be duplicated by means other than photocopying, or whether Plaintiff has sufficient funds to cover photocopying costs. The Court is also concerned about the burden Plaintiff's request places on Defendants and the merit in Plaintiff's anticipated summary judgment motion. As the Court has noted in denying Plaintiff's motions for the appointment of counsel, Plaintiff has yet to demonstrate a likelihood of success on the merits. Even though Plaintiff is proceeding *pro se*, to prevail at summary judgment he still must meet the summary judgment standard of showing that there is *no* genuine dispute as to *any* material fact. Fed. R. Civ. P. 56(a).

Plaintiff's motion for an order requiring TRCI photocopy the 500 to 750 exhibits is denied without prejudice to Plaintiff's renewing such motion if he can demonstrate: (1) that he does not have sufficient funds to pay for the photocopying; (2) the necessity of the requested photocopies; and (3) why the relevant and necessary documents cannot be duplicated through carbon paper or some other appropriate means.

## CONCLUSION

Plaintiff's motion for appointment of a medical expert (ECF 152) and motion for an order requiring TRCI to photocopy exhibits (ECF 154) are DENIED. Plaintiff's motion to compel (ECF 134) is DENIED IN PART and GRANTED IN PART, as set forth herein.

**IT IS SO ORDERED**.

DATED this 8th day of April 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge