IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT WOODROFFE**,<br><br>        Plaintiff,<br><br>        v.<br><br>**STATE OF OREGON**, *et al.*,<br><br>        Defendants. | Case No. 2:12-cv-00124-SI<br><br>**OPINION AND ORDER** |

Robert Woodroffe, Two Rivers Correctional Institution, 82911 Beach Access Road, Umatilla, OR 97882-9419. Plaintiff *pro se*.

Shannon M. Vincent, Oregon Department of Justice, Trial Division, CLS, 1162 Court Street, N.E., Salem, OR 97301-0346. Of Attorneys for Defendants Brian Belleque, Michelle Dodson, Polly Stuart, Zach Erdman, Mary H. Williams, David E. Leith, Kristina Manley, Eugene Reding, Jana Russell, Helene Lichtman, Christy Henning, Brian Walker, Robert Real, Al Hannon, James Eastwood, Jeff Premo, Denise Parker, Frank Serrano, Stan Czerniak, Patricia Carning, R. N., Patricia Flores, R.N, Randy Geer, Bill Doman, Steve Spang, Dr. Steve Shelton, and Dr. Garth Gulick.

Gerald L. Warren, Law Office of Gerald Warren, 901 Capitol Street N.E, Salem, OR 97301. Attorney for Defendant Coleen Clemente.

**Michael H. Simon, District Judge.**

      Plaintiff Robert Woodroffe, an inmate incarcerated in the State of Oregon's prison system, filed this action against approximately 60 defendants, alleging numerous claims under

PAGE 1 – OPINION AND ORDER

state and federal law. Before the Court is Plaintiff's motion for photocopying services. Dkt. 175. Plaintiff seeks a court order requiring Two Rivers Correctional Institution ("TRCI") to photocopy approximately 1000 pages of documents Plaintiff contends are essential to his motion for summary judgment.

Plaintiff argues that he has "decided to drop" his claims to only his strongest four and against only 13 defendants, and that he requires the photocopies to succeed on summary judgment on his strongest claims. As an initial matter, the Court notes that this is not an accurate description of the history of this case. The Court *sua sponte* dismissed certain defendants and then, over Plaintiff's objection, granted nearly all of Defendants' motion to dismiss, thereby dismissing numerous claims and defendants from this case.[1] *See* ECF 15, 27, 107. With the exception of the claim for deliberate indifference against Defendant Flores, the remaining claims and defendants have not yet been the subject of a motion to dismiss or a motion for summary judgment by Defendants. Any assertion that the remaining claims against the remaining

---

[1] The remaining claims are Plaintiff's claims under 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights based on Plaintiff's allegations that: (1) Defendants provided constitutionally-deficient medical care for Plaintiff's knee and coccyx pain, blood loss, and mental health needs, asserted against Defendants Dr. Steve Shelton, Dr. Garth Gulick, Patricia Carnig, R.N., Patricia Flores, R.N., Helene Lichtman, Jana Russell, Christy Henning, and Brian Walker; (2) Plaintiff was wrongly accused of misconduct and otherwise mistreated and harassed in retaliation for exercising his constitutional rights, asserted against Defendants Shelton, Gulick, Al Hannon, Robert Real, James Eastwood, Steve Spang, Bill Doman, and Eugene Reding; (3) Defendants violated Plaintiff's due process rights by failing to properly respond to his records requests and failing to provide Plaintiff with appropriate process relating to his misconduct charge, asserted against Defendants Stan Czerniak, Frank Serrano, Coleen Clemente, Denise Parker, Whitney Dodson, Polly Stuart, Kristina Manley, Brian Belleque, Mary H. Williams, Jeff Premo, David E. Leith, and Zach Erdman; and (4) Defendants' mail policy banning photographs of nude and semi-nude "celebrities" violates Plaintiff's rights, asserted against Defendants Randy Geer, Doman, and Spang.

PAGE 2 – OPINION AND ORDER

defendants are "strong" or likely to prevail at summary judgment is pure speculation on the part of Plaintiff.[2]

With regard to Plaintiff's motion for photocopying services, Plaintiff previously brought a similar motion, which the court denied with leave to renew if Plaintiff could demonstrate: (1) that he does not have sufficient funds to pay for the photocopying; (2) the necessity of the requested photocopies; and (3) why the relevant and necessary documents cannot be duplicated through carbon paper or some other appropriate means. Plaintiff submits a declaration stating that he does not have sufficient funds to pay for photocopying services. The Court is satisfied with Plaintiff's evidence on this point. Plaintiff fails, however, to show why the approximately 1000 pages are necessary.

The entirety of Plaintiff's description as to why the documents are necessary is:

> The [exhibits] plaintiff wishes to use for his summary judgment are medical file aquired [sic] thur [sic] discovery and or aquired [sic] on his own, mail violation which list reasons [sic] to violate which was and is a 1st amendment violation and a copy of the hearings on due process claims.

Dkt. 175. This not a sufficient description on which the Court can consider the relevance of the proposed exhibits. For example, Plaintiff has an extensive medical record, but only the portions of his medical record relating to his knee and coccyx pain, blood loss, and mental health needs are relevant to this case. Further, the statute of limitations period for Plaintiff's claims is two years—thus, the beginning of the limitations period for purposes of this lawsuit is January 23, 2010.[3] Plaintiff does not explain whether any of the proposed exhibits are from before the

---

[2] The Court notes that it has continued to deny Plaintiff's renewed motions for appointment of counsel, in part, because Plaintiff fails to demonstrate a likelihood of success on the merits.

[3] The Court makes no assessment as to whether Plaintiff's claims are timely.

PAGE 3 – OPINION AND ORDER

limitations period and, if so, how they are relevant and admissible in this case. Plaintiff also fails to describe with any particularity the documents he requests be copied relating to his mail violation claims.

Although Plaintiff fails to show that his proposed exhibits are necessary, in the interests of judicial economy and because the Court has ordered that no further extensions of the deadline for dispositive motions shall be granted absent good cause[4], the Court grants in part Plaintiff's motion. The following documents shall be photocopied by TRCI and provided to Plaintiff on or before September 5, 2014: (1) medical records relating to his knee and coccyx pain, blood loss, and mental health treatment, including email, from January 23, 2010 to the present; (2) Defendants' written rules or policies, if any, relating to nude or semi-nude photographs; (3) documents discussing Plaintiff's specific alleged mail violations; and (4) transcripts and other documents, including email, relating to any disciplinary hearings or other disciplinary action taken against Plaintiff on or after January 23, 2010 to the present. The cost for these photocopies shall be charged against Plaintiff's prison account, such that in the event he obtains funds in the future, those funds shall be applied against the balance due for the photocopies.

To the extent Plaintiff seeks photocopies of additional documents, he must renew his motion and describe, with particularity, the documents requested and their relevance to his intended motion for summary judgment. The Court encourages Plaintiff to carefully consider the exhibits he intends to submit to support any summary judgment motion, including those

---

[4] The Court does not consider Plaintiff's request for photocopies to be good cause. The Court denied Plaintiff's original request for photocopies on April 8, 2014 and Plaintiff did not renew his motion until August 1, 2014. The Court has issued multiple extensions on the deadline for dispositive motions and the current deadline of October 17, 2014 provides Plaintiff with sufficient time to prepare any motion. Notably, the proposed exhibits are already in Plaintiff's possession, so he does not need photocopies of them to begin preparing his motion. The photocopying need only be completed in time for Plaintiff to mark the exhibits and file the motion.

PAGE 4 – OPINION AND ORDER

documents herein ordered photocopied by the Court. All exhibits must comply with the Federal Rules of Evidence and must be relevant to show that there is *no* genuine dispute as to *any* material fact at issue in this case. Fed. R. Civ. P. 56.

## CONCLUSION

Plaintiff's motion for an order requiring TRCI to photocopy exhibits (Dkt. 175) is GRANTED IN PART, as set forth herein.

**IT IS SO ORDERED**.

DATED this 8th day of August 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge