IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT WOODROFFE**,

        Plaintiff,

    v.

**STATE OF OREGON**, *et al.*,

        Defendants.

Case No. 2:12-cv-00124-SI

**OPINION AND ORDER**

Robert Woodroffe, Two Rivers Correctional Institution, 82911 Beach Access Road, Umatilla, OR 97882-9419. Plaintiff *pro se*.

Shannon M. Vincent, Oregon Department of Justice, Trial Division, CLS, 1162 Court Street, N.E., Salem, OR 97301-0346. Of Attorneys for Defendants Brian Belleque, Michelle Dodson, Polly Stuart, Zach Erdman, Mary H. Williams, David E. Leith, Kristina Manley, Eugene Reding, Jana Russell, Helene Lichtman, Christy Henning, Brian Walker, Robert Real, Al Hannon, James Eastwood, Jeff Premo, Denise Parker, Frank Serrano, Stan Czerniak, Patricia Carning, R. N., Patricia Flores, R.N, Randy Geer, Bill Doman, Steve Spang, Dr. Steve Shelton, and Dr. Garth Gulick.

Gerald L. Warren, Law Office of Gerald Warren, 901 Capitol Street N.E, Salem, OR 97301. Attorney for Defendant Coleen Clemente.

**Michael H. Simon, District Judge.**

      Plaintiff Robert Woodroffe, an inmate incarcerated in the State of Oregon's prison system, moved the Court for an order requiring Two Rivers Correctional Institution ("TRCI") to

PAGE 1 – OPINION AND ORDER

photocopy approximately 1,000 pages of documents Plaintiff contended are essential to his motion for summary judgment. Dkt. 175. The Court granted Plaintiff's motion in part and ordered that TRCI photocopy and provide to Plaintiff on or before September 5, 2014: (1) medical records relating to his knee and coccyx pain, blood loss, and mental health treatment, including email, from January 23, 2010 to the present; (2) Defendants' written rules or policies, if any, relating to nude or semi-nude photographs; (3) documents discussing Plaintiff's specific alleged mail violations; and (4) transcripts and other documents, including email, relating to any disciplinary hearings or other disciplinary action taken against Plaintiff on or after January 23, 2010 to the present. Dkt. 177 ("Photocopy Order"). The Court furthered order that the cost for these photocopies be charged against Plaintiff's prison account, such that in the event he obtains funds in the future, those funds shall be applied against the balance due for the photocopies. A copy of this order was mailed by the Court clerk to Plaintiff on August 8, 2014.

On September 3, 2014, Defendants filed a status report, reporting that TRCI made the photocopies as ordered by the Court, the copies totaled approximately 788 pages, and that Plaintiff refused to accept the photocopies on two occasions when TRCI staff attempted to deliver the photocopies to Plaintiff. Dkt. 178. Defendants requested that the Court excuse them and TRCI from further compliance with the Photocopy Order.

On September 11 and September 18, 2014, Plaintiff filed responses to the status report. Dkts. 182, 183. Plaintiff contends that he never received the Photocopy Order mailed to him by the Court and that he did not understand that the copies TRCI was attempting to give him were the copies ordered by the Court in response to Plaintiff's motion requesting photocopies. Dkt. 182. Accordingly, the Court orders that TRCI make one final attempt to deliver the photocopies to Plaintiff, along with a copy of this Order and the Photocopy Order, and explain to

PAGE 2 – OPINION AND ORDER

Plaintiff that the photocopies were made pursuant to the Court's Photocopy Order issued in response to Plaintiff's motion requesting photocopies.

Regardless of whether Plaintiff accepts the photocopies at this third and final delivery attempt, Defendants and TRCI shall be deemed to have fully complied with the Court's Photocopy Order and this Order. Further, if Plaintiff refuses to accept the photocopies, the Court will not consider any further requests for photocopies and Plaintiff will have to file any dispositive motion and respond to any dispositive motion filed by Defendants without the benefit of Court-ordered photocopies.

On September 19, 2014, Plaintiff moved for an extension of 60 days to respond to a motion purportedly filed by Defendants. Dkt. 183. Defendants have not filed a motion—Defendants filed a status report and Plaintiff has already filed two responses to that status report. The Court hereby resolves the issue relating to the photocopies and no further response by Plaintiff is needed. Accordingly, Plaintiff's motion for an extension of time is denied.

The Court shall not consider any motions to extend the October 17, 2014 deadline for dispositive motions based on this photocopy issue. Plaintiff has the documents produced by Defendants in his possession and is able to prepare any motion for summary judgment based on those documents. The copies of those documents were ordered so that Plaintiff may file exhibits with the Court and retain the complete set of documents produced to him. Further, Plaintiff could have accepted the photocopies on September 2, 2014, when TRCI attempted to give them to Plaintiff, and the explanation provided by Plaintiff as to why he refused the photocopies is insufficient to support a request to extend the dispositive motion deadline.

## CONCLUSION

TRCI shall make one more attempt to deliver to Plaintiff the photocopies made in response to the Court's Order of August 8, 2014. TRCI shall also include a copy of that Order

PAGE 3 – OPINION AND ORDER

and this Order when providing the copies to Plaintiff. Upon this final delivery attempt, Defendants and TRCI shall be deemed to have fully complied with the Court's Order of August 8, 2014, and this Order. Plaintiff's motion for an extension of time to respond to Defendants' status report relating to the photocopies (Dkt. 183) is DENIED as moot.

**IT IS SO ORDERED**.

DATED this 24th day of September, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER