IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT WOODROFFE**,

    Plaintiff,

v.

**STATE OF OREGON**, *et al.*,

    Defendants.

Case No. 2:12-cv-00124-SI

**OPINION AND ORDER**

Robert Woodroffe, Two Rivers Correctional Institution, 82911 Beach Access Road, Umatilla, OR 97882-9419. Plaintiff *pro se*.

Shannon M. Vincent, Oregon Department of Justice, Trial Division, CLS, 1162 Court Street, N.E., Salem, OR 97301-0346. Of Attorneys for Defendants Brian Belleque, Michelle Dodson, Polly Stuart, Zach Erdman, Mary H. Williams, David E. Leith, Kristina Manley, Eugene Reding, Jana Russell, Helene Lichtman, Christy Henning, Brian Walker, Robert Real, Al Hannon, James Eastwood, Jeff Premo, Denise Parker, Frank Serrano, Stan Czerniak, Patricia Carning, R. N., Patricia Flores, R.N, Randy Geer, Bill Doman, Steve Spang, Dr. Steve Shelton, and Dr. Garth Gulick.

Gerald L. Warren, Law Office of Gerald Warren, 901 Capitol Street N.E, Salem, OR 97301. Attorney for Defendant Coleen Clemente.

**Michael H. Simon, District Judge.**

    Plaintiff Robert Woodroffe, an inmate incarcerated in the State of Oregon's prison system, moved the Court for an order requiring Two Rivers Correctional Institution ("TRCI") to photocopy approximately 1,000 pages of unidentified documents Plaintiff contended are

PAGE 1 – OPINION AND ORDER

essential to his motion for summary judgment. Dkt. 175. The Court granted Plaintiff's motion in part and ordered that TRCI photocopy and provide to Plaintiff on or before September 5, 2014: (1) medical records relating to his knee and coccyx pain, blood loss, and mental health treatment, including email, from January 23, 2010 to the present; (2) Defendants' written rules or policies, if any, relating to nude or semi-nude photographs; (3) documents discussing Plaintiff's specific alleged mail violations; and (4) transcripts and other documents, including email, relating to any disciplinary hearings or other disciplinary action taken against Plaintiff on or after January 23, 2010 to the present. Dkt. 177 ("Photocopy Order"). The Court furthered order that the cost for these photocopies be charged against Plaintiff's prison account, such that in the event he obtains funds in the future, those funds shall be applied against the balance due for the photocopies. A copy of this order was mailed by the Court clerk to Plaintiff on August 8, 2014.

On September 3, 2014, Defendants filed a status report, reporting that TRCI made the photocopies as ordered by the Court, the copies totaled approximately 788 pages, and that Plaintiff refused to accept the photocopies on two occasions when TRCI staff attempted to deliver the photocopies to Plaintiff. Dkt. 178. On September 24, 2014, the Court ordered Defendants to explain that the offered photocopies were made in response to Plaintiff's own motion and provide Plaintiff one more opportunity to accept the copies. Dkt. 185. Plaintiff objected to this order, requested additional unidentified copies, and the objection was construed as a motion for reconsideration and denied. Dkt. 207.

Before the Court is Plaintiff's motion for reconsideration of the Court's denial of Plaintiff's objections to the Court's orders regarding the requested photocopies. Dkt. 216. Accompanying Plaintiff's motion is a declaration in which Plaintiff, for the first time, identifies specific documents in his possession that he would like photocopied. Dkt. 217. Because Plaintiff

has now identified specific documents he wishes to have photocopied, Plaintiff's motion is GRANTED IN PART.

Plaintiff is ordered to provide TRCI staff with the documents in Plaintiff's possession and listed in Plaintiff's declaration (Dkt. 217) that he requests be photocopied. TRCI staff is ordered to make one photocopy of the documents, single-sided, on or before November 24, 2014. If TRCI staff is aware that certain requested documents were previously photocopied and provided to Plaintiff in accordance with the Court's previous order, those documents need not be photocopied again. The cost for these photocopies shall be charged against Plaintiff's prison account at TRCI's standard photocopy rate, such that in the event Plaintiff obtains funds in the future, those funds shall be applied against the balance due for the photocopies. Plaintiff may use the one set of photocopies as exhibits and file them with the Court. Defendants and chambers shall obtain copies of the exhibits from the Court's electronic docket.

Plaintiff also moves for reconsideration of the Court's comment in the September 24, 2014 Order that no further extensions shall be provided relating to the deadlines for dispositive motions. Because the Court subsequently found good cause and granted Plaintiff's later motions for extensions, this portion of Plaintiff's motion for reconsideration is DENIED AS MOOT.

Also before the Court are Plaintiff's motions to file excess pages (Dkt. 218), to dismiss Defendant Coleen Clemente (Dkt. 219), and to permit Plaintiff's friend, Denny Johnson, to provide the Court with the rejected photographs for the Court's review before summary judgment (Dkt. 220). These motions are GRANTED. Plaintiff may file a response brief up to and including 40 pages and the claims against Ms. Clemente are dismissed with prejudice. Additionally, Mr. Johnson may file a declaration with the Court attesting to the facts surrounding how Mr. Johnson came into possession of the photographs and how Mr. Johnson has personal

PAGE 3 – OPINION AND ORDER

knowledge that the photographs were, in fact, rejected by the State Defendants. This declaration is subject to the Federal Rules of Evidence and must be based on personal knowledge and attested-to under penalty of perjury. Mr. Johnson may then also provide the Court, *in camera*, with the photographs (or legible copies of the photographs) that Plaintiff contends were rejected as violating the State Defendants' mail policy.

The deadline for Plaintiff's response to the State Defendants' motion for summary is currently December 1, 2014. Because the documents requested to be photocopied are currently in Plaintiff's possession and he has them available to prepare his summary judgment response, the fact that they will be photocopied should not affect Plaintiff's ability to timely respond to the State Defendant's motion for summary judgment. Thus, the deadline for Plaintiff's response shall not be extended based on this request for photocopies.

## CONCLUSION

Plaintiff's motion for reconsideration and to require TRCI to photocopy exhibits (Dkt. 216) is GRANTED IN PART, as set forth herein. Plaintiff's motion to file excess pages (Dkt. 218) is GRANTED—Plaintiff may file a response brief up to and including 40 pages. Plaintiff's motion to dismiss Defendant Coleen Clemente (Dkt. 219) is GRANTED. The claims against Ms. Clemente are dismissed with prejudice. Defendant Clemente's motion for summary judgment (Dkt. 38) is DENIED AS MOOT. Finally, Plaintiff's motion to provide the Court with photographs (Dkt. 220) is GRANTED IN PART, as set forth herein.

**IT IS SO ORDERED**.

DATED this 18th day of November, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge